## 66966. CURTIS v. THE STATE.

SHULMAN, Chief Judge.

In his appeal from his convictions of armed robbery and rape, appellant asserts as his sole enumeration of error the contention that he was denied effective assistance of counsel because his trial counsel did not submit appellant to a polygraph examination. The chief support for appellant's argument is McMorris v. Israel, 643 F2d 458

(7th Cir. 1981), in which it was held that it was a denial of due process for a prosecutor to refuse to stipulate into evidence the results of a polygraph examination in a case in which the only evidence linking the accused to the crime was the testimony of the victim. That case did not persuade the Supreme Court to adopt its reasoning when that question was considered in *Willis v. State,* 249 Ga. 261 (2) (290 SE2d 87). We find it no more persuasive in the context of this case. The issue here is not whether the state has somehow deprived appellant of valuable rights, but whether his trial counsel was so ineffective as to deny him a fair trial.

"The standard regarding ineffective assistance of counsel is 'not errorless counsel and not counsel judged ineffective by hindsight, but counsel . . . rendering reasonably effective assistance.' [Cits.] In determining what constitutes ineffective assistance, a critical distinction is made between inadequate preparation and unwise choices of trial tactics and strategy. [Cit.] We are unable to conclude, from our study of the record, that defense counsel was inadequately prepared in this case . . . Deliberate choices of trial strategy and tactics are within the province of trial counsel after consultation with his client. [Cit.] In this regard this court will not substitute its judgment for that of trial counsel." *Hudson v. State,* 250 Ga. 479, 486 (299 SE2d 531).

Deciding whether to have a polygraph examination performed is a matter of trial tactics and strategy. We are no more willing to substitute our judgment for that of appellant's trial counsel than the Supreme Court was willing to do so in *Hudson,* supra.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED DECEMBER 5, 1983.

*Stroud P. Stacy II,* for appellant.
*Robert E. Wilson, District Attorney, Robert E. Statham III, Ann Poe Mitchell, Jonathan C. Peters, Assistant District Attorneys,* for appellee.